UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRAIG ALAN WALL, SR.,

    Plaintiff,

v.                                Case No: 8:22-cv-664-KKM-SPF

STATE OF FLORIDA, et al.,

    Defendants.
_____

**ORDER**

Plaintiff Craig Alan Wall, Sr., moves to "rescind the Clerk of the Court's unlawful order transferring this case" from the Jacksonville Division to the Tampa Division of the Middle District of Florida. (Doc. 22.) Because the transfer was not improper, the Court denies the motion to rescind.

I.    BACKGROUND

On March 22, 2022, Wall filed a complaint in the Jacksonville Division of the United States District Court for the Middle District of Florida challenging his method of execution. (Doc. 1.) The Clerk randomly assigned the case to Chief Judge Corrigan but then reassigned it to me in accordance with a standing administrative order (Standing

Order). *See* Order In re: Civil Cases Seeking Stay of Death Warrant and/or Challenging Method of Execution in State Death Penalty Cases, 6:09-MC-90-ORL-22.

The Standing Order requires that all cases "seeking a stay of execution or challenging the method of execution in state death penalty cases" be transferred to the division in which any previous habeas action was brought by that plaintiff, and, where possible, to the same judge handling the prior filing. *Id.* Where that judge "is no longer an active Judge in the Middle District of Florida," the Standing Order requires that the case be randomly assigned in that division. *Id.*

Under the Standing Order, the case was transferred to the Tampa Division, where Wall previously filed a habeas petition that is currently pending before the Honorable Virginia Covington. Because Judge Covington has "retired from regular active service" and is only assigned cases "[she] is willing and able to undertake," 28 U.S.C. § 294(c), the case was randomly assigned to me.

Wall now moves to rescind the transfer, lodging several attacks against the propriety of the Standing Order. (Doc. 22.) Defendants originally opposed the motion, but now withdraw their objection. (Doc. 24.) Despite the lack of opposition, the motion lacks merit for the below reasons.

## II.  ANALYSIS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Local Rule 1.04(b) adds that a party should "begin an action in the division to which the action is most directly connected or in which the action is most conveniently advanced." Wall does not move to transfer the case under § 1404(a). *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (listing factors considered in a motion to transfer under § 1404(a)). Instead, he moves to rescind the previous transfer from the Jacksonville Division based on the Standing Order and makes three arguments why that transfer was unlawful.

First, he argues that under Local Rule 1.04(b), his case *must* have been brought in the Jacksonville Division and that any other division would have been improper. And because the Jacksonville Division is the only proper venue within the Middle District, the Clerk's transfer to the Tampa Division violated § 1404(a) because the Tampa Division is not a "division where it might have been brought."

This argument is unavailing for two reasons. One, § 1404 does not incorporate a district's local rules. Nor does § 1404 (or any other federal statute) provide a statutory right to a particular division within a district. *See Peralta v. Ca. Franchise Tax Bd.*, 673 F. App'x

3

975, 981 n.4 (Fed. Cir. 2016); *Pergo, Inc. v. Shaw Indus., Inc.*, No. 1:03-CV-1709-BBM, 2003 WL 24129779, at *2 (N.D. Ga. Sept. 16, 2003) (reasoning that "there is no question that the case could have been brought in [another division in that district because] Congress abolished intra-district jurisdictional rules"). So transfer here was permissible to any division within a district where the case could have been filed. Because venue lies in the Middle District of Florida, it also lies in any of the five divisions within the District.[1] To be clear, § 1404(a)'s requirement that transfer only be to a "district or division where it might have been brought" refers to the fact that the transferee division or district must have "subject matter jurisdiction, personal jurisdiction, and proper venue," *see Viking Techs., LLC v. Assurant, Inc.*, No. 2:20-cv-00357, 2021 WL 3520756, at *1 (E.D. Tex. June 21, 2021), not that it complies with a district's local rules. And the Tampa Division satisfies all three requirements under § 1404(a).

Two, even if § 1404 incorporates Local Rule 1.04, Wall is incorrect that the transfer to the Tampa Division was necessarily impermissible. Under Local Rule 1.04(b), Wall "must begin an action in the division to which the action is most directly connected or in which the action is most conveniently advanced." As the division where his habeas petition

---

[1] Wall's argument falters even further in the light of his concession that venue lies in either the Middle District or the Northern District of Florida. (Doc. 22 at 10–11.) Per his logic, only the Jacksonville Division within the Middle District of Florida possesses venue but—absent a similarly binding local rule—presumably any division within the Northern District possesses venue. The problem remains the same: as a matter of venue, there is no statutory right to a particular division within a district.

4

remains pending, the Tampa Division is arguably directly connected to, and a convenient place to advance, his current action. Thus it is not obvious that the Tampa Division is not a "division where it might have been brought." *See* 28 U.S.C. § 1404(a).

Wall next argues that the transfer was unlawful because the Standing Order violates the random assignment requirement in the Local Rules. As applied to Wall, that is factually untrue. Because Judge Covington no longer accepts this kind of action, the Clerk randomly assigned the case to me upon transfer from the Jacksonville Division to the Tampa Division. As a legal matter though, the Local Rules specifically contemplate non-random reassignments by court order. Under Local Rule 1.05(a), although cases must be randomly assigned at initiation, the Clerk can change an assignment with an order from the judge or chief judge. Local Rule 1.07(a)(2)(C) even contemplates that non-random transfers to the judge presiding over an earlier filed and related case *should* occur. Here, after random assignment in the Jacksonville Division, the Clerk transferred the case to the Tampa Division under the authority of the Standing Order and randomly reassigned it to me. Nothing about that action violated the Local Rules.

Third, Wall argues that he was deprived of notice, due process, and equal protection because the Standing Order is not published on the Court's website and because it is applied arbitrarily. As a threshold matter, the Standing Order remains publicly available on the Court's docket. And Wall does not cite a case, statute, or any other authority for the

proposition that a court must publish all administrative orders on its website to afford notice and due process to the public. As for the equal protection argument, no litigant is entitled to a particular judge (or particular division within a district). *See United States v. Sotolongo*, No. 6:13-CR-99-ORL-37KRS, 2014 WL 793327, at *2 (M.D. Fla. Feb. 27, 2014) (Dalton, J.) ("A [party] does not have a right to have his case heard by a particular judge." (quoting *Sinito v. United States*, 750 F.2d 512, 515 (6th Cir. 1984)). In fact, the Local Rules allow transfers to consenting judges "at any time and for any reason." *See* Local Rule 1.07(a)(2)(A). Therefore, whether the Standing Order is on the Court's website or has been applied in similar cases is irrelevant. Wall's case could be reassigned to any consenting judge without a reason.

III.   CONCLUSION

For the reasons stated above, Wall's motion to rescind the transfer of his case to the Tampa Division (Doc. 22) is **DENIED**.

**ORDERED** in Tampa, Florida, on July 21, 2022.

Kathryn Kimball Mizelle
United States District Judge